UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHARLES KOUAME,                    )
                                   )
            Petitioner,            )
                                   )
      v.                           )
                                   )        C.A. No. 05-11462-GAO
DEPARTMENT OF HOMELAND             )
SECURITY/BICE,                     )
                                   )
            Respondent.            )
                                   )

MEMORANDUM AND ORDER

      For the reasons stated below, this habeas petition is

dismissed without prejudice.

BACKGROUND

      On July 8, 2005, petitioner Charles Kouame, a native of the

Ivory Coast and an immigration detainee currently being held at

the Bristol County Jail and House of Correction in North

Dartmouth, filed a petition for a writ of habeas corpus.

Petitioner names the Department of Homeland Security/BICE as

respondent.[1]

      Kouame alleges he "has been unlawfully detained since

_____

      [1]Here, the proper respondent would be Sheriff Thomas M.
Hodgson.  An immigration detainee contesting the legality of his
detention normally must name his immediate custodian, "the
individual having day to day control over the facility in which
he is being detained" as the respondent to the petition.  Vasquez
v. Reno, 233 F.3d 688, 695-696 (1st Cir. 2000), cert. denied, sub
nom. Vazquez v. Ashcroft, 122 S. Ct. 43 (2001); 28 U.S.C. § 2243
(writ of habeas corpus is "directed to the person having custody
of the person detained.").  Because this action is subject to
dismissal, the Court will not require correction of the case
caption.

07/01/05, the 90th day after a 'Final Order of Deportation'
(never actually served upon him)." Petition, ¶ 1. He contends
that the Ivory Coast will not "take him back" and will not issue
a "travel document." <u>Id.</u> at ¶ 2. He seeks release so that he
may rejoin his United States citizen wife and daughter. <u>Id.</u> at ¶
4. Although the case name was incorrectly spelled as
"Zapaitius," Kouame attempts to reference the 2001 Supreme Court
opinion in <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001). <u>Id.</u> at ¶ 3.

ANALYSIS

I.  <u>The Court May Screen this Petition</u>

The Rules Governing Habeas Corpus Cases Under Section 2254
may be applied at the discretion of the district court to other
habeas petitions. <u>See</u> Rule 1(b) of the Rules Governing Habeas
Corpus Cases Under Section 2254; <u>Perez v. Hemingway</u>, 157 F. Supp.
2d 790, 795 (E.D. Mich. 2001); <u>accord</u> <u>Edwards v. Bowles</u>, No.
3:03-CV-2624-M, 2004 WL 308036, at *1 n. 1 (N.D. Tex. Feb. 18,
2004) (same).

Under Rule 4(b), the Court is required to examine a
petition, and if it "plainly appears from the face of the motion.
. . that the movant is not entitled to relief in the district
court," the Court "shall make an order for its summary
dismissal." Rule 4(b); <u>McFarland v. Scott</u>, 512 U.S. 849, 856
(1994) (habeas petition may be dismissed if it appears to be
legally insufficient on its face). A petition for a writ of

2

habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law.  28 U.S.C. § 2243; Marmol v. Dubois, 885 F. Supp. 444, 446 (D. Mass. 1994).

II.  The Petitioner, By His Own Admission,
     Has Been Held Less Than 6-Months

Section 1231 of title 8 provides that the Attorney General shall remove aliens who have been ordered removed within 90 days, and that he may detain the alien during this "removal period."  8 U.S.C. § 1231(a)(1)(2).  Section 1231 also provides that if removal is not effected within 90 days, an alien may be released under the supervision of the Attorney General, but that certain classes of aliens, including those convicted of certain crimes, may continue to be detained after the 90-day removal period.  Id. § 1231(a)(3), (6).

In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court held that under the Due Process clause, where an alien has been detained for a post-removal period of six-months pursuant to the provisions of 8 U.S.C. § 1231(a)(6) and provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.  Zadvydas, 533 U.S. at 701.  If a habeas court determines that removal is not "reasonably foreseeable," then it should order the alien released from custody, subject to conditions of supervised release

3

"appropriate in the circumstances." Id. at 699-700.

Under this formulation, an alien being held pursuant to Section 1231(a)(6) cannot assert a Zadvydas due process claim if he has been detained for less than six-months. See Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002) (holding that the "six-month period ... must have expired at the time [the petitioner's] § 2241 petition was filed in order to state a claim under Zadvydas"); accord Hodel v. Aguirre, 260 F. Supp. 2d 695, 699 (N.D. Ill. 2003) (Zadvydas not implicated where criminal alien held less than 6-months). Here, petitioner, by his own admission, has been held for less than 6-months, and indeed, appears to have been held for less than 90-days.[2] Thus, this petition for a writ of habeas corpus must be dismissed without prejudice as premature. Olajide v. Wrona, No. 03-10204-BC, 2004 WL 63967, at * 2 (E.D. Mich. Jan. 8, 2004); accord Kolahzadeh v. Prendes, No. Civ. A 3:03CV1420-D, 2003 WL 21673444, at *3 (N.D. Tex. July 15, 2003) (same).

<u>CONCLUSION</u>

ACCORDINGLY, this habeas petition will be dismissed without prejudice for the reasons stated above.

The Clerk is directed to send petitioner a list of free legal service providers for immigration proceedings with a copy

---

[2]Although petitioner fails to provide the exact date he began his detention, he claims that as of July 1, 2005, he had been detained for ninety days.

4

of this Memorandum and Order.

SO ORDERED.


 7/12/05                           /s/ George A. O'Toole, Jr.   
DATE                                   UNITED STATES DISTRICT JUDGE